UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

MARSHA DAVIS, ET AL.                                CIVIL ACTION

VERSUS                                              NO. 08-0032

UNITED STATES AIRCRAFT                              SECTION "F"
INSURANCE GROUP, ET AL.

ORDER AND REASONS

Before the Court are several motions: (i) Teledyne Continental Motors, Inc.'s motion to retain jurisdiction and to set for status conference (and Teledyne's request for oral argument on its motion); (ii) the plaintiffs' motion to expedite the hearing on the motion to retain jurisdiction; and (iii) the United States' motion to dismiss. For the reasons that follow, the motion to retain jurisdiction is DENIED, the request for oral argument is DENIED, and the plaintiffs' motion to expedite is GRANTED in part and DENIED in part. The United States' motion to dismiss is DENIED as moot.

This suit arises out of a plane crash near Kentwood, Louisiana in November 2002 that killed one Entergy executive and seriously injured another. In 2003, the plaintiffs, Louisiana residents, filed suit in state court against the engine manufacturer (Teledyne), the aircraft manufacturer (Cessna), the maintainer of the aircraft and engine (Shultz), and the owners of the aircraft (Siegrist and Cloud Chasers). Siegrist and Cloud Chasers also sued

1

Teledyne and Cessna for damage to the aircraft and loss of income. The cases were consolidated.

In 2006 and 2007, the plaintiffs settled their claims with at least one defendant and summary judgment was granted in favor of other defendants. Teledyne, a corporation organized under the laws of Delaware with its principal place of business in Alabama, remains a defendant.

In anticipation of the state court trial scheduled to begin the week of January 7, 2008, counsel for the owners of the aircraft issued subpoenas to two Federal Aviation Administration employees. On January 3, 2008, the United States of America filed a notice of removal, on behalf of the subpoenaed FAA employees, removing to this Court the subpoenas and any subpoena-related proceeding.[1]

On January 7, 2008, counsel for the owners of the aircraft filed a motion to dismiss the state court subpoenas and counsel for plaintiffs filed a motion to clarify the scope of the Court's

---

[1] Specifically, in the amended notice of removal, the United States notes that it:

> removes the attached subpoenas..., issued on or about December 17, 2007 and any related subpoena-enforcement proceedings from 21st Judicial District Court for the Parish of Tangipahoa....  The subpoenas and any related enforcement proceedings can be removed from state court to this court because the subpoenas issued to the above-named federal officers, Richard Gordon and Anthony Michelli, represent actions against them in their official capacities for the purposes of obtaining testimony, information, and material maintained under color of their official duties.  28 U.S.C. § 1442(a)(1).

removal jurisdiction, and a motion to expedite hearing on that motion.  On January 8, 2008, the Court granted the voluntary dismissal of the subpoenas and denied the plaintiff's motion to expedite "because the trial subpoenas at issue have been voluntarily dismissed."

The United States of America filed a motion to dismiss, contending that the voluntary withdrawal of the subpoenas mooted the reasons underlying its removal of the subpoenas and that removal of the subpoenas in any event "did not affect the underlying tort suit, which remains pending in state court." Teledyne filed an opposition to the United States' motion to dismiss.  Shortly thereafter, Teledyne also moved this Court to retain jurisdiction and for a status conference, with a request for oral argument.  The plaintiffs filed an opposition to the motion to retain jurisdiction, with a request that the Court hear the motion on an expedited basis in light of the trial scheduled for this week in state court.

I.

The United States based its removal of the subpoenas and any subpoena enforcement proceedings to this Court on 28 U.S.C. § 1442(a).[2]  As the Fifth Circuit has observed, the purpose of the

---

[2] Section 1442(a) provides:

A civil action or criminal prosecution commenced in State court against any of the following may be removed by them to the district court of the United States for

3

federal officer removal provision is "to provide a federal forum for any litigation that might interfere with the performance of federal duties." See Hexamer v. Foreness, 981 F.2d 821 (5th Cir. 1993). Section 1442 "grants independent jurisdictional grounds over cases involving federal officers where a district court otherwise would not have removal jurisdiction." See IMFC Professional Services of Florida, Inc. v. Latin American Home Health, Inc., 676 F.2d 152, 156 (5th Cir. 1982).

The parties do not dispute that the subpoena and any enforcement related proceedings were properly before this Court. Indeed, Section 1442(a) clearly confers removal jurisdiction over either a state court "civil action" or "criminal prosecution" brought "against" a federal official, as long as the "action for which he is being questioned was undertaken "under color" of the federal office. Brown & Williamson Tobacco Corp. v. Williams, 62 F.3d 408 (D.C. Cir. 1995).

Moreover, the Fifth Circuit has implicitly acknowledged that federal officers may remove *only* subpoena proceedings to federal district court under 28 U.S.C. § 1442(a). See State of Louisiana v. Sparks, 978 F.2d 226 n.6 (5th Cir. 1992) (noting that "[r]emoval was limited to the state court proceedings relating to [the

---

the district and division embracing the place wherein it is pending:
(1) [A]ny officer of the United States ... for any act under color of such office....

probation officer's] subpoenas[;] the underlying death penalty case itself, including [the] motion for a new trial, remains pending in the Louisiana courts"); see also State of Louisiana v. Scire, 15 F.3d 1078 (5th Cir. 1994) (*per curiam*) (affirming the district court's ruling that granted the federal officer's motion to quash subpoenas, after the government had removed subpoena proceedings to federal court).

Notwithstanding the Fifth Circuit's apparent acquiescence to the concept that federal officer removal of subpoenas in some instances may be limited to those enforcement proceedings, there is support for Teledyne's contention that when a federal officer files a petition for removal pursuant to Section 1442, the entire case is removed to federal court. See Fowler v. Southern Bell Tel. & Tel. Co., 343 F.2d 150 (5th Cir. 1965) (citing Allman v. Hanley, 302 F.2d 559, (5th Cir. 1962) (noting that "[i]t has been held that removal by single Federal officer ends the power of the state court to issue process because the entire case is then removed...")).

Describing this phenomenon another way, the Fifth Circuit has noted that "Section 1442(a)(1) authorizes removal of the entire case even though only one of its controversies might involve a federal officer or agency...[t]hus § 1442(a)(1) creates a species of ancillary jurisdiction over the nonfederal elements of the case."  See IMFC Professional Services of Florida, Inc. v. Latin

5

American Home Health, Inc., 676 F.2d 152, 158 (5th Cir. 1982).[3]  But this does not end the removal jurisdiction inquiry.  Where, as here, the subpoenas of federal officers were voluntarily dismissed, the Court may consider this post-removal development in exercising its discretion to decline jurisdiction and remand the nonfederal elements of the case (here, the tort claim).

The Fifth Circuit's holding in IMFC Professional Services is instructive:

> [Section] 1442(a)(1), through its creation of an ancillary jurisdiction, confers discretion on the district court to decline to exercise continued jurisdiction over IMFC's claim once HHS dropped out of the case.  Once this discretion to decline to exercise continued jurisdiction is exercised, the proper procedure is to remand the case under § 1447(c), for at this point the case becomes one "removed improvidently and without

---

[3] In IMFC Professional Services, a corporation sued a provider of home heath care under their contract that provided that IMFC would purchase at a discount from Latin American certain receivables, which consisted of reimbursements due Latin American under the Medicare program from the Department of Health and Human Services through its fiscal intermediary, Aetna Life and Casualty Insurance Company.  Id.  IMFC also sued Aetna.  Id.  HHS intervened as a defendant and removed the case.  Id.  IMFC then dismissed as to Aetna and HHS and moved to remand the case.  Id.  The motion was granted.  Id.  Once back in stae court Latin American filed a third-party complaint against Aetna.  Id.  HHS again intervened and again removed.  Id.  In federal court, the third-party complaint was ultimately dismissed for Latin American's failure to exhaust administrative remedies.  Id.  The Fifth Circuit determined that there was initially jurisdiction for HHS's removal.  Id.  But because the federal court's jurisdiction was a residual ancillary one (after the basis for removal jurisdiction -- HHS's presence in the litigation -- disappeared), the district court had discretion to decline jurisdiction and remand the case.  See id.

jurisdiction."

Applying these principles to the relief requested by Teledyne, the Court finds that retention of jurisdiction is not warranted; rather, remand is appropriate. The only basis for removal jurisdiction was the United States' removal under Section 1442(a)(1). Those subpoenas have since been voluntarily dismissed. While Teledyne creatively seeks to have this Court "continue" to exercise jurisdiction over this case on the grounds of diversity jurisdiction, to do so would contravene the clearly articulated authority of 28 U.S.C. § 1446(b), which provides:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after the receipt by the defendant...of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that **a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action**.

(emphasis added).

This tort suit has been pending in state court for over four years and is scheduled for trial this very week. Federalism and comity concerns are paramount. The suit became removable only when federal officers were subpoenaed to testify at trial; those subpoenas have since been voluntarily dismissed and no basis for this Court to exercise removal jurisdiction remains. Teledyne's argument that the suit has now morphed into one over which this

Court has diversity jurisdiction and that this Court should retain jurisdiction over it on that ground, notwithstanding the disappearance of the fortuity of the federal officer subpoenas, is without merit.

The Fifth Circuit has instructed that the proper procedure under these circumstances is to remand the case under Section 1447(c), "for at this point the case becomes one 'removed improvidently and without jurisdiction.'" Accordingly, Teledyne's motion to retain jurisdiction and to set status conference is DENIED.[4]  The case is hereby remanded to the 21st Judicial District Court for Tangipahoa Parish.

New Orleans, Louisiana, January 9, 2008.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[4] As the parties were advised on January 8, 2008, Teledyne's request for oral argument was DENIED and the plaintiffs' motion for expedited hearing was GRANTED in part and DENIED in part. (The plaintiffs' motion was GRANTED to the extent that the Court heard the motion to retain jurisdiction on an expedited basis, but was DENIED as unnecessary, to the extent that the plaintiffs' requested a telephonic hearing on January 8, 2008 at 4:30 p.m.). Finally, the United States' motion to dismiss is DENIED as moot.